[Cite as *State v. Powell*, 2017-Ohio-4030.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.     12CA010284 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| RAYSHAUN N. POWELL | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No.     10CR081774 |

DECISION AND JOURNAL ENTRY

Dated: May 30, 2017

---

TEODOSIO, Judge.

{¶1}    Appellant, Rayshaun N. Powell, appeals from his conviction for rape in the Lorain County Court of Common Pleas.  We affirm.

I.

{¶2}    This Court previously summarized the underlying facts in the case as follows:

In the summer of 2010, Y.M. and her family began staying with a friend of her mother's. The friend, Erica Perez, was married to Powell, who was incarcerated when Y.M.'s family began living with Perez.  Several weeks after they began living with Perez, however, Powell was released from prison and came to stay at the apartment.  According to Y.M., Powell sexually assaulted her one night when she and the other children at the apartment were left alone with him.  According to Powell, the assault never occurred.  Y.M. told her mother about the assault several weeks after she and her family had moved out of Perez' apartment.

A grand jury indicted Powell on one count of rape, in violation of R.C. 2907.02(A)(2).  Powell waived his right to a jury, and a bench trial was held.  The trial court found Powell guilty and sentenced him to eight years in prison.

*State v. Powell*, 9th Dist. Lorain No. 12CA010284, 2014-Ohio-63, ¶ 2-3. Mr. Powell appealed his rape conviction, raising sufficiency of the evidence and manifest weight of the evidence arguments, and this Court affirmed. *Id.* at ¶ 21.

{¶3} Mr. Powell filed a petition to vacate or set aside judgment of conviction or sentence in the trial court, which was denied. He appealed and this Court affirmed, stating that the trial court lacked the authority to consider the untimely petition for post-conviction relief and correctly denied it. *State v. Powell*, 9th Dist. Lorain No. 14CA010565, 2015-Ohio-145, ¶ 7.

{¶4} Mr. Powell also filed a pro se motion to reopen his appeal, which this Court granted. He argued that the trial court exhibited judicial bias toward him and erred in prohibiting cross-examination of the alleged victim regarding prior false accusations of sexual activity. This Court confirmed its prior judgment by journal entry because Mr. Powell failed to raise an argument regarding ineffective assistance of appellate counsel in accordance with App.R. 26(B)(7).

{¶5} Mr. Powell filed a motion for leave to file a motion for a new trial in the trial court, which was denied. On appeal, this Court vacated the trial court's denial of the motion because the trial court lacked jurisdiction to consider the motion on the merits while Mr. Powell's case was pending on appeal. *State v. Powell*, 9th Dist. Lorain No. 14CA010642, 2015-Ohio-1879, ¶ 7-8.

{¶6} Mr. Powell filed another application to reopen his appeal, which this Court granted.

{¶7} Mr. Powell now appeals from his conviction and raises four assignments of error for this Court's review.

II.

**<u>ASSIGNMENT OF ERROR ONE</u>**

THE TRIAL COURT EXHIBITED JUDICIAL BIAS TOWARD RAYSHAUN POWELL, IN VIOLATION OF HIS RIGHT TO FAIR TRIAL AND DUE PROCESS OF LAW, AS PROTECTED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION. []

{¶8} In his first assignment of error, Mr. Powell argues that he was denied his right to a fair trial and due process of law because some comments made by the trial court judge exhibited bias toward Mr. Powell.

{¶9} "It is well[-]settled that a criminal trial before a biased judge is fundamentally unfair and denies a defendant due process of law." *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, ¶ 34. Judicial bias is "a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts." *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463 (1956), paragraph four of the syllabus. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, ¶ 5.

{¶10} After redirect examination of the mother during trial, the trial court judge conducted his own examination of the witness:

> THE COURT: My understanding, according to the prosecutor's opening statement, this assault would have taken place in the evening.
>
> THE WITNESS: Yes.
>
> THE COURT: That would have been a time when you were maybe visiting someone in the apartment building?
>
> THE WITNESS: Yes.

THE COURT: And your little ones would be home with Mr. Powell?

THE WITNESS: Yes.

THE COURT: By themselves?

THE WITNESS: M-hm

THE COURT: What were you thinking?

THE WITNESS: Well, at times Erica was there, so I wouldn't know if she would take off. She would just take off whenever she wanted to.

THE COURT: So she is - - she's likely to take off - -

THE WITNESS: M-hm

THE COURT: - - and leave your four little ones with her boyfriend that you barely know, who was just released from the penitentiary; is that correct?

THE WITNESS: Well, she said he was released, I believe, over - - over domestic violence.

THE COURT: That was your knowledge?

THE WITNESS: M-hm.

THE COURT: And you felt comfortable just visiting the folks around Wilkes Villa while your little ones remained at home being babysat by an individual who had just been released from the penitentiary?

THE WITNESS: He didn't babysit them. They were - - she was 14 at the time.

{¶11} After Y.M. testified, the following discussion was held on the record in open court:

THE COURT: All right. I'd like to address the group in the back with [Y.M.] out of the room.

MR. HANEK: Okay.

THE COURT: I'll wait until we're out of her hearing.

* * *

THE COURT: Without regard to any of the facts that have been presented in this case, my mind is clearly open to the defense that will be presented and to weigh the facts, but the undisputed facts are that [Y.M.'s mother], I don't know if she should be sterilized first and then jailed, or jailed first; I don't know. But is someone here from Children Services?

MEMBER OF THE GALLERY: (Nodding head affirmatively).

THE COURT: Is there any possibility that she'll ever raise children again?

MEMBER OF THE GALLERY: We have actually filed a motion for permanent custody of [Y.M.], as well as her three other siblings.

THE COURT: God bless your hearts.

MEMBER OF THE GALLERY: And the hope is no.

THE COURT: Huh?

MEMBER OF THE GALLERY: And the hope is no, that she will not have any more children.

THE COURT: Stan, keep your powder dry in that firearm you carry at your side in case she decides to bear more children.

THE DEPUTY: I totally agree, sir.

THE COURT: God bless you. That has nothing to do with Mr. Powell. That's amazing. I'm glad I'm not allowed to go out in the hall. Seven floors is a long way to fall.

{¶12} Initially, we note that Mr. Powell did not object to the judge's comments during trial and, therefore, forfeited the right to make this argument on appeal. *State v. Butler*, 9th Dist. Summit No. 23786, 2008-Ohio-781, ¶ 31. "When no objection to the comments is made at trial, our review is limited to plain error." *State v. Brown*, 9th Dist. Wayne No. 11CA0054, 2013-Ohio-2945, ¶ 49. Mr. Powell has not argued plain error on appeal. When an appellant does not develop a plain error argument in his brief, this Court will not create one on his behalf. *State v. Grad*, 9th Dist. Medina No. 15CA0014–M, 2016-Ohio-8388, ¶ 18.

{¶13} Additionally, "[i]f a party believes that a common-pleas-court judge is prejudiced or has exhibited bias, he may file an affidavit of disqualification [with the Supreme Court under R.C. 2701.03]." *State v. Smetana*, 9th Dist. Lorain No. 12CA010252, 2013-Ohio-2376, ¶ 10. "This court, however, has no authority to render a decision with regard to disqualification * * * or to void a trial court's judgment on the basis of personal bias or prejudice on the part of the trial judge * * *." *State v. Hunter*, 151 Ohio App.3d 276, 2002-Ohio-7326, ¶ 18 (9th Dist.), citing *Beer v. Griffith*, 54 Ohio St.2d 440, 441-442 (1978).

{¶14} Accordingly, Mr. Powell's first assignment of error is overruled.

## ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED IN PROHIBITING CROSS-EXAMINATION OF THE ALLEGED VICTIM REGARDING HER FAMILY MEMBERS BARRING HER FROM THEIR HOUSE BASED ON A BELIEF THAT THE ALLEGED VICTIM HAD MADE AND WOULD MAKE FALSE ACCUSATIONS OF SEXUAL ABUSE AGAINST THEM. []

{¶15} In his second assignment of error, Mr. Powell argues that the trial court erred by refusing to allow defense counsel to cross-examine the victim regarding prior accusations of sexual activity against family members. We disagree.

{¶16} "The admission or exclusion of evidence rests soundly within the trial court's discretion." *State v. Scheck*, 9th Dist. Medina No. 05CA0033-M, 2006-Ohio-647, ¶ 13. We review a trial court's decision regarding the admission or exclusion of evidence for an abuse of discretion. *Id.* "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶17}** "The rights to confront witnesses and to defend are not absolute and may bow to accommodate other legitimate interests in the criminal process." *State v. Boggs*, 63 Ohio St.3d 418, 423 (1992). Ohio's rape shield law is codified in R.C. 2907.02(D), which states, in part:

> Evidence of specific instances of the victim's sexual activity, opinion evidence of the victim's sexual activity, and reputation evidence of the victim's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, or the victim's past sexual activity with the offender, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value.

"The rape shield statute was designed to guard the victim's sexual privacy and to protect against undue harassment, thereby discouraging the tendency to put the victim on trial, as well as to aid in the truth-finding process by excluding unduly inflammatory and prejudicial evidence that is only marginally probative." *State v. Law*, 9th Dist. Lorain No. 94CA005903, 1995 WL 353716, *5 (June 14, 1995), citing *State v. Williams*, 21 Ohio St.3d 33, 34 (1986).

**{¶18}** In *Boggs*, the Supreme Court of Ohio held that:

> Where an alleged rape victim admits on cross-examination that she has made a prior false rape accusation, the trial judge shall conduct an *in camera* hearing to ascertain whether sexual activity was involved and, as a result, cross-examination on the accusation would be prohibited by R.C. 2907.02(D), or whether the accusation was totally unfounded and therefore could be inquired into pursuant to Evid.R. 608(B).

(Emphasis sic.) *Boggs* at paragraph two of the syllabus. However, "if defense counsel inquires of an alleged rape victim as to whether she has made any prior false accusations of rape, *and the victim answers no*, the trial court would have the discretion to determine whether and to what extent defense counsel can proceed with cross-examination." (Emphasis added.) *Id.* at 421. "[T]he defendant will be bound by the answers given by the victim." *Id.*

**{¶19}** In the case sub judice, the following exchange occurred during defense counsel's cross-examination of Y.M.:

Q: Okay. Now, one of the things you mentioned was that you were worried about - - you didn't want to tell anybody, because you thought people wouldn't believe you again, correct?

A: Yes.

*Q: Has there ever been a time when you falsely accused somebody of doing this type of thing to you?*

*A: No.*

Q: Was there ever a time when family members didn't want to take you in because they thought you were going to falsely accuse them of anything?

A: Yes.

Q: Was there a time when that happened?

A: Yes. I had - -

MR. HANEK: Objection, Your Honor.

THE COURT: Sustained.

MR. GRIFFIN: I'm asking about - - she said yes to that, in answer to that question.

THE COURT: [Y.M.], after you answer "yes," that's all you need to say.

THE WITNESS: Okay.

THE COURT: Attorney Griffin.

Q: Who was the family member who accused you of making a false - -

MR. HANEK: Objection.

Q: - - accusation?

THE COURT: Sustained.

MR. GRIFFIN: May I approach, Your Honor?

THE COURT: Well, there's no jury here. If you're asking her if someone had accused her of making a false complaint of sexual abuse, I probably should have

sustained the objection to the question before that, unless you can determine some relevance to the accusation.

MR. GRIFFIN: Okay.

*Q: [Y.M.], you're saying that you've never made a false accusation of this kind about anybody?*

*A: No - -*

*Q: Okay.*

*A: - - I've never.*

(Emphasis added.)

**{¶20}** Y.M. was asked if she had ever falsely accused somebody of "doing this type of thing" to her and she answered, "No." Mr. Powell is bound by that answer and the trial court had discretion in determining whether to allow counsel to proceed further with questioning. *See Boggs* at 421. Mr. Powell asserts in his brief that "[w]hile Y.M. did not admit to making a false accusation, [she] did admit that her family believed she had or might make false accusations." But, Mr. Powell is mistakenly focused on Y.M.'s answer to the wrong question. The analysis here revolves solely around Y.M.'s answer regarding whether she had ever made such false allegations, which she denied. Y.M.'s understanding of what her family thought she might do is inconsequential to the analysis. She stated that she has not made any false allegations and the trial court had discretion to determine whether and to what extent defense counsel could proceed further with cross-examination. *See id.*

**{¶21}** As the trial court is within its discretion to exclude evidence, we conclude that it was not an abuse of discretion for the trial court judge to sustain the prosecutor's objections and prevent defense counsel from continuing with that particular line of questioning.

**{¶22}** Mr. Powell's second assignment of error is overruled.

{¶23} For ease of analysis, we have combined Mr. Powell's third and fourth assignments of error.

## ASSIGNMENT OF ERROR THREE

MR POWELL'S APPOINTED FIRST APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE THE FOLLOWING ASSIGNMENTS OF ERROR: (1) THE TRIAL COURT EXHIBITED JUDICIAL BIAS TOWARD DEFENDANT, IN VIOLATION OF HIS RIGHT TO FAIR TRIAL AND DUE PROCESS OF LAW, AS PROTECTED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION; (2) THE TRIAL COURT ERRED IN PROHIBITING CROSS-EXAMINATION OF THE ALLEGED VICTIM REGARDING PRIOR FALSE ACCUSATIONS BY HER OF SEXUAL ACTIVITY. []

## ASSIGNMENT OF ERROR FOUR

MR. POWELL'S APPOINTED SECOND APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE THE INEFFECTIVENESS OF PRIOR APPELLATE COUNSEL FOLLOWING THE REOPENING OF THE DIRECT APPEAL BASED ON THE INEFFECTIVE ASSISTANCE OF PRIOR APPELLATE COUNSEL. []

{¶24} In his third assignment of error, Mr. Powell argues that his first appellate counsel was ineffective for failing to raise the arguments listed above in assignments of error one and two. In his fourth assignment of error, Mr. Powell argues that his second appellate counsel was ineffective for failing to raise an ineffective assistance of counsel argument regarding Mr. Powell's first appellate counsel. We disagree with both propositions.

{¶25} "[I]n Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 62. To prove ineffective assistance of counsel, Mr. Powell must establish that: (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus.

Prejudice can be shown by proving "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Id.* at paragraph three of the syllabus. "[T]he Court need not address both *Strickland* prongs if an appellant fails to prove either one." *State v. Lortz*, 9th Dist. Summit No. 23762, 2008-Ohio-3108, ¶ 34.

{¶26} The two-prong analysis in *Strickland* is also the appropriate standard when determining ineffective assistance of appellate counsel. *State v. Were*, 120 Ohio St.3d 85, 2008-Ohio-5277, ¶ 10. To show ineffective assistance of appellate counsel, Mr. Powell must prove that his counsel was "deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal." *State v. Sheppard*, 91 Ohio St.3d 329, 329 (2001).

First Appellate Counsel

{¶27} "Counsel need not raise all nonfrivolous issues on appeal." *State v. Campbell*, 69 Ohio St.3d 38, 53 (1994). Some issues may have arguable merit, but are "sufficiently problematical that the refusal to raise them cannot be assailed as an unreasonable professional judgment." *Id.*, quoting *Cunningham v. Henderson*, 725 F.2d 32, 36 (2d Cir.1984).

{¶28} Mr. Powell's first appellate counsel raised sufficiency of the evidence and manifest weight of the evidence arguments on appeal. *Powell*, 2014-Ohio-63 at ¶ 5, ¶ 18. Upon review of the record, it appears that Mr. Powell's first appellate counsel chose to focus on the State's evidence, specifically challenging the credibility of the victim, lack of physical evidence, and unreliability of polygraph examinations. We have already concluded above that Mr. Powell failed to object to the judge's comments and that the authority to determine issues of judicial bias rests with the Supreme Court of Ohio under R.C. 2701.03. Moreover, we concluded that the trial court judge acted within his discretion to exclude evidence. Therefore, Mr. Powell cannot show

that his first appellate counsel's performance was deficient or that there was a reasonable probability of success had he presented those additional arguments on appeal. *See Sheppard* at 329.

### Second Appellate Counsel

{¶29} App.R. 26(B)(7) states, in part, that if an application for reopening an appeal is granted, "[t]he parties shall address in their briefs the claim that representation by prior appellate counsel was deficient and that the applicant was prejudiced by that deficiency."

{¶30} Mr. Powell successfully moved this Court to reopen his appeal. However, we ultimately confirmed our prior judgment by journal entry because although Mr. Powell's second appellate counsel raised the arguments contained in assignments of error one and two, counsel failed to include an argument alleging ineffective assistance of Mr. Powell's first appellate counsel, as required by App.R. 26(B)(7). Mr. Powell then successfully moved this Court again to reopen his appeal. Since this Court has reopened Mr. Powell's appeal and addressed his additional arguments on the merits, he has received an adequate remedy for any alleged error by counsel and cannot demonstrate prejudice. *See State v. McGowan*, 9th Dist. Summit No. 27092, 2015-Ohio-1804, ¶ 28, *rev'd on other grounds*, 147 Ohio St.3d 166, 2016-Ohio-2971.

{¶31} Accordingly, Mr. Powell's third and fourth assignments of error are overruled.

### III.

{¶32} Mr. Powell's assignments of error are overruled. Pursuant to App.R. 26(B)(9), we confirm our prior January 13, 2014 judgment affirming Mr. Powell's conviction. *State v. Powell*, 2014-Ohio-63 at ¶ 21. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
CALLAHAN. J.
CONCUR.

APPEARANCES:

PETER GALYARDT, Assistant State Public Defender, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.