[Cite as *State v. Chambers*, 2018-Ohio-5050.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 17AP0032 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DELBERT CHAMBERS | | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | | CASE No. 2017 CRC-I 000011 |

DECISION AND JOURNAL ENTRY

Dated: December 17, 2018

TEODOSIO, Presiding Judge.

{¶1} Appellant, Delbert Chambers, appeals from his convictions in the Wayne County Court of Common Pleas. This Court affirms.

I.

{¶2} In November of 2016, Mr. Chambers called 911 when his child's mother overdosed at 355 West Larwill Street in Wooster. The woman was transferred to the hospital while Mr. Chambers spoke with police officers at the scene. Mr. Chambers admitted he lived at the residence and, while later speaking to the officers outside, he asked one of them to retrieve his money from under his mattress in his upstairs bedroom. Mr. Chambers soon went to the hospital to be with his child's mother while the two officers remained outside of the house. At some point, a third officer at the hospital called the two officers stationed at the house and informed them that Mr. Chambers had consented to a search of his house.

**{¶3}** During the search, the officers found a loaded .25 caliber handgun inside a box on a shelf in the master bedroom closet, near some men's shoes and clothing. They also found Mr. Chambers' identification card on a coffee table in the same bedroom. The officers looked up Mr. Chambers' criminal history and learned that he had a prior conviction for felony drug trafficking. Mr. Chambers was therefore not permitted to possess a firearm. *See* R.C. 2923.13(A)(3).

**{¶4}** Mr. Chambers was charged with having weapons while under disability. Following a jury trial, he was convicted and sentenced to 18 months in prison.

**{¶5}** Mr. Chambers now appeals from his conviction and raises three assignments of error for this Court's review.

II.

**ASSIGNMENT OF ERROR ONE**

THE COURT ERRED BY NOT ALLOWING THE DEFENDANT TO CALL THE STATE OF OHIO'S BUREAU OF CRIMINAL INVESTIGATION'S ANALYST AS A WITNESS TO TESTIFY TO EXCULPATORY EVIDENCE.

**{¶6}** In his first assignment of error, Mr. Chambers argues that the trial court erred in not allowing him to call Ohio Bureau of Criminal Identification and Investigation ("BCI") analyst Stacy Violi to testify at trial as to the contents of the forensic report she completed in this case. We disagree.

**{¶7}** A criminal defendant has the right to present witnesses on his own behalf in order to establish a defense, but the right is not without some limitations. *State v. Otero*, 9th Dist. Summit No. 21512, 2004-Ohio-1072, ¶ 23. For instance, "an accused's constitutional right of compulsory process is limited by the rules of evidence." *State v. Lavery*, 9th Dist. Summit No. 20591, 2001 Ohio App. LEXIS 4757, *13 (Oct. 24, 2001). This Court has consistently held that "'[t]he admission or exclusion of evidence rests soundly within the trial court's discretion.'"

*State v. Powell*, 9th Dist. Lorain No. 12CA010284, 2017-Ohio-4030, ¶ 16, quoting *State v. Scheck*, 9th Dist. Medina No. 05CA0033-M, 2006-Ohio-647, ¶ 13. We therefore review a trial court's decision regarding the admission or exclusion of evidence for an abuse of discretion. *Id.* An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying an abuse of discretion standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶8} Defense counsel attempted to call BCI analyst Stacy Violi to testify at trial as to the contents of her forensic report. The prosecutor objected on the basis of lack of foundation because the defense never introduced the testimony of the two officers who purportedly collected a DNA sample from Mr. Chambers and then delivered it to Ms. Violi for testing. A lengthy conversation between the trial court and the attorneys ensued, and the court ultimately did not permit Ms. Violi to testify. Defense counsel then proffered a brief summary of Ms. Violi's expected testimony.

{¶9} Mr. Chambers argues that he had no burden to lay a foundation for Ms. Violi's testimony because she is a state employee and only the State has the burden of establishing the chain of custody of evidence. Mr. Chambers is correct in stating that breaks in the chain of custody go to the weight or credibility of the evidence and not its admissibility. *See State v. Meyers*, 9th Dist. Summit Nos. 23864 and 23903, 2008-Ohio-2528, ¶ 49. However, he misstates the reason the court prohibited Ms. Violi from testifying. A review of the transcript reveals that the trial court did not preclude Ms. Violi from testifying because it questioned the weight or credibility of the chain of custody of the DNA swab, as Mr. Chambers suggests. The court, instead, determined that no foundation had been laid for any testimony regarding the DNA

sample Ms. Violi received and tested or for the report that was then generated based on the testing of that sample. The court made various statements on the record to defense counsel regarding this issue, including: "[T]he State has an obligation or whoever is providing evidence to lay a foundation for the evidence that they're about to present and I don't see a foundation being laid"; "[S]he needs a foundation on which to testify"; "I haven't even heard of a chain of evidence regarding the gun let along (sic) his DNA swabs"; "I [] have an obligation to see that proper foundations are laid for the admission of evidence"; "Evidence is evidence, you need to lay a foundation for evidence to be admitted"; "There has to be a foundation laid"; and "[A]t this point from what I'm hearing you're not going to be able to lay the foundation unless you have something else. I mean, I'm assuming what you're saying is you can't lay the foundation that I think is required for you to lay."

{¶10} Pursuant to Evid.R. 901(A), "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." The threshold for admissibility is low and "'[t]he proponent need not offer conclusive evidence as a foundation but must merely offer sufficient evidence to allow the question as to authenticity or genuineness to reach the jury.'" *State v. Hoffmeyer*, 9th Dist. Summit No. 27065, 2014-Ohio-3578, ¶ 18, quoting *State v. Caldwell*, 9th Dist. Summit No. 14720, 1991 Ohio App. LEXIS 5879, *7 (Dec. 4, 1991). The proponent bears the burden of demonstrating a reasonable likelihood the evidence is authentic. *Id.* "Evid.R. 901(B) provides a nonexhaustive list that illustrates the ways in which the proponent of the admission of evidence can conform with Evid.R. 901(A)." *State v. Yuschak*, 9th Dist. Medina No. 15CA0055-M, 2016-Ohio-8507, ¶ 17. For example, the authentication or

identification of evidence may be achieved through the testimony of a witness with knowledge that "'a matter is what it is claimed to be.'" *Id.*, quoting Evid.R. 901(B)(1).

{¶11} After a review of the record, we cannot conclude that Mr. Chambers—as the proponent of the evidence—laid the proper foundation for the introduction of Ms. Violi's testimony regarding her analysis of the DNA swabs or her subsequent forensic report because he offered no evidence, let alone sufficient evidence, to meet his burden under Evid.R. 901(A). Defense counsel proffered that Ms. Violi would testify that the police delivered a useable DNA sample to her for testing and she then tested the sample and conducted an analysis. However, counsel admitted that neither Detective Heim, who purportedly obtained the sample from Mr. Chambers, nor Officer Bremenour, who delivered the sample to Ms. Violi, were present to testify at trial. The defense offered no evidence that would support a finding that the DNA sample tested by Ms. Violi actually came from Mr. Chambers and was properly collected, sealed, stored, and delivered to Ms. Violi.

{¶12} Mr. Chambers also claims that the evidence he sought to introduce was exculpatory in nature. Mr. Chambers was convicted of having a weapon while under disability under R.C. 2923.13(A)(3), which states in part: "Unless relieved from disability * * *, no person shall knowingly acquire, have, carry, or use any firearm [if t]he person * * * has been convicted of any felony offense involving the illegal * * * trafficking in any drug of abuse * * *." He sought to introduce Ms. Violi's testimony and her corresponding report, which states that a "mixture" was found on the magazine of the firearm and contains three additional notations: "Unknown male – sufficient for comparison (major)"; "Additional data – not sufficient for comparison"; and "Delbert Chambers – excluded (major)[.]" But, there is no indication in the record that the DNA swabs or the firearm were preserved in a way which would yield accurate

test results. *See State v. Williams*, 8th Dist. Cuyahoga No. 73468, 1998 Ohio App. LEXIS 4801, *6 (Oct. 8, 1998). Any number of people may have handled the firearm, and the lack of Mr. Chambers' DNA on the weapon would not exonerate him, as he could have still conceivably acquired, had, carried, or used the weapon under R.C. 2923.13(A)(3) without leaving his DNA on it. *See id.* at *6-7.

{¶13} Finally, Mr. Chambers argues, pursuant to Evid.R. 803(8), that Ms. Violi's report was admissible under the public records and reports exception to the hearsay rule. However, Mr. Chambers neglected to make this argument at the trial court level and cannot do so now. "Issues that were not raised to the trial court may not be considered for the first time on appeal." *Rozhon v. Rozhon*, 9th Dist. Medina No. 05CA0075-M, 2006-Ohio-3118, ¶ 18. Therefore, we decline to address Mr. Chambers' argument and reliance on Evid.R. 803(8).

{¶14} Trial courts have discretion as to the admission or exclusion of evidence. *Powell*, 2017-Ohio-4030, at ¶ 16. Mr. Chambers failed to lay the proper foundation for Ms. Violi's testimony or her report by not offering any evidence sufficient to support a finding that the tested DNA sample was collected from Mr. Chambers, sealed, stored, and delivered to Ms. Violi. He has also not shown how the evidence he sought to introduce was exculpatory in nature. We therefore cannot conclude that the trial court erred or abused its discretion in precluding the introduction of Ms. Violi's testimony or her forensic report at Mr. Chambers' trial.

{¶15} Accordingly, Mr. Chambers' first assignment of error is overruled.

## ASSIGNMENT OF ERROR TWO

THE COURT ABUSED ITS DISCRETION BY NOT ALLOWING A CONTINUANCE TO SUBPOENA ADDITIONAL OFFICERS TO TESTIFY.

{¶16} In his second assignment of error, Mr. Chambers argues that the court erred in denying his request for a continuance. We disagree.

**{¶17}** The Supreme Court of Ohio has stated:

> In evaluating a motion for a continuance, a court should note, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.

*State v. Unger*, 67 Ohio St.2d 65, 67-68 (1981). The decision to grant or deny a continuance lies within the sound discretion of the trial court and, therefore, appellate courts will not reverse a trial court's decision absent a showing of an abuse of discretion. *See State v. Shinholster*, 9th Dist. Summit No. 27687, 2015-Ohio-5098, ¶ 11; *Unger* at 67. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying an abuse of discretion standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

**{¶18}** Defense counsel requested a continuance during Mr. Chambers' trial to subpoena witnesses to appear the following day at 9:00 A.M. The trial court denied the motion and commented on the record: "[S]everal of the [jury] members w[ill] not be available tomorrow at 9:00 a.m. But[,] in any event, I think this is something that could have been taken care of. They were never subpoenaed to begin with so I'm going to deny the motion to continue." Mr. Chambers now argues that the court relied on inaccurate information in denying his motion because one juror stated on the record that her doctor's appointment was at 6:00 P.M. on the following day, but she canceled it after being advised the trial could possibly span two days.

**{¶19}** While Mr. Chambers is correct as to what *one* particular juror stated on the record regarding her availability on the following day, the court explicitly considered the following

factors on the record: (1) *several* jurors would not be available the following day, and (2) defense counsel could have previously subpoenaed the witnesses, but did not. *See Unger* at 67-68 (listing several factors for the court to consider, including "the inconvenience to litigants, witnesses, opposing counsel and the court" and "whether the defendant contributed to the circumstance which gives rise to the request for a continuance"). Mr. Chambers' argument rests solely on the trial court's alleged misinterpretation of the statements and purported availability of a single juror. But, he neglects to address the unavailability the other jurors mentioned by the court. He fails to cite to the record and direct us to any comments made by these additional, unidentified jurors on the record regarding their availability, and we decline to search the record for such information on his behalf. *See In re E.G.*, 9th Dist. Medina No. 16CA0075-M, 2017-Ohio-2584, ¶ 27 ("[I]t is not the duty of this Court to scour the record for evidence and construct an argument on an appellant's behalf."); App.R. 16(A)(7) ("The appellant shall include in its brief * * * [a]n argument containing * * * citations to the * * * parts of the record on which appellant relies").

{¶20} Moreover, while the record on appeal contains a partial trial transcript, proceedings such as voir dire are noticeably missing. Because the trial court explicitly referred to the unavailability of *several* jurors, proceedings such as voir dire—in which several jurors may have relayed information about their availability to the court—are highly relevant to Mr. Chambers' argument under this assignment of error. "'This Court has repeatedly held that it is the duty of the appellant to ensure that the record on appeal is complete.'" *State v. Daniels*, 9th Dist. Lorain No. 08CA009488, 2009-Ohio-1712, ¶ 22, quoting *Lunato v. Stevens Painton Corp.*, 9th Dist. Lorain No. 08CA009318, 2008-Ohio-3206, ¶ 11. *See also* App.R. 9(B); Loc.R. 5(A). "When portions of the transcript which are necessary to resolve assignments of error are not

included in the record on appeal, the reviewing court has 'no choice but to presume the validity of the [trial] court's proceedings, and affirm.'" *City of Cuyahoga Falls v. James*, 9th Dist. Summit No. 21119, 2003-Ohio-531, ¶ 9, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Because the record here does not contain all of the evidence relevant to this assignment of error, we must presume regularity and affirm the trial court's decision to deny the motion for a continuance.

{¶21} Mr. Chambers further fails to challenge the trial court's other consideration that, by failing to previously subpoena these witnesses, the defense essentially contributed to the circumstance that gave rise to the request for a continuance. *See Unger* at 67-68. Mr. Chambers has not argued that the trial court erred in this respect, and we decline to create any such argument on his behalf. *See Cardone v. Cardone*, 9th Dist. Summit Nos. 18349 and 18673, 1998 Ohio App. LEXIS 2028, *22 (May 6, 1998) ("If an argument exists that can support this assignment of error, it is not this [C]ourt's duty to root it out").

{¶22} As Mr. Chambers has failed to adequately challenge the trial court's reasoning for denying his request for a continuance, we cannot conclude that the trial court erred or abused its discretion in denying said request.

{¶23} Accordingly, Mr. Chambers' second assignment of error is overruled.

## ASSIGNMENT OF ERROR THREE

THE COURT ERRONEOUSLY EXCLUDED CROSS[-]EXAMINATION QUESTIONS.

{¶24} In his third assignment of error, Mr. Chambers argues that the trial court erred by not permitting cross-examination of a police officer as to the contents of the BCI report he received during his investigation. We disagree.

{¶25} "While a criminal defendant has the right to cross-examine witnesses, the trial court has discretion regarding the scope of cross-examination." *State v. Lawless*, 9th Dist. Wayne No. 16AP0025, 2018-Ohio-444, ¶ 8. *See also Powell*, 2017-Ohio-4030, at ¶ 16 (stating that decisions regarding the admission or exclusion of evidence rest soundly within the trial court's discretion). The Sixth Amendment guarantees an opportunity for effective cross-examination, but it does not guarantee cross-examination that is effective in whatever way, and to whatever extent, the defense might wish. *State v. Rippey*, 9th Dist. Lorain No. 95CA006106, 1996 Ohio App. LEXIS 373, *7 (Feb. 7, 1996), citing *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985). This Court therefore reviews a trial court's decision to limit the scope of cross-examination for an abuse of discretion. *Lawless* at ¶ 8. *See also Powell* at ¶ 16 (stating that a trial court's decision regarding the admission or exclusion of evidence is reviewed for an abuse of discretion). Once again, an abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying an abuse of discretion standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶26} At trial, defense counsel cross-examined Officer Carl Festa of the Wooster Police Department regarding his investigation in this case. Counsel repeatedly attempted to elicit testimony from the witness that the BCI report he received during the investigation stated Mr. Chambers' DNA did not match an unknown male's DNA found on the firearm. The prosecutor objected to each attempt by defense counsel and, after multiple sidebars, the court sustained the prosecutor's objections.

{¶27} Mr. Chambers now argues that the trial court erred in not permitting defense counsel to cross-examine the officer as to the contents of the BCI report. He contends the testimony would not have been hearsay because counsel was simply inquiring about the strength of the investigation and an alleged "rush to judgment" by police, but he was not eliciting the information to prove the truth of the matter asserted. *See* Evid.R. 801(C) (defining hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."). However, Mr. Chambers fails to acknowledge that the prosecutor objected at trial not only on the basis of hearsay, but also lack of foundation. The court held multiple sidebars with the attorneys, but the conversations at sidebar are not contained in record before us. *See Daniels* at ¶ 22 (stating it is the appellant's duty to ensure that the record on appeal is complete). *See also* App.R. 9(B); Loc.R. 5(A). The trial court eventually sustained the prosecutor's final two objections and made two statements on the record: "You have to put the BCI representative on to testify to that" and "You're assuming a fact not in evidence." In our analysis of Mr. Chambers' first assignment of error, we concluded that he failed to lay the proper foundation to introduce Ms. Violi's testimony and her report into evidence at trial. Here, Mr. Chambers has failed to explain how he laid the proper foundation for a police officer to testify as to the contents of a forensic report written by another person, namely BCI analyst Stacy Violi.

{¶28} In the alternative, Mr. Chambers argues that the testimony would have been an admission by a party-opponent under Evid.R. 801(D)(2) and further fell within the public records and reports exception to the hearsay rule under Evid.R. 803(8). As we noted in our analysis of Mr. Chambers' first assignment of error, he failed to make these arguments at the trial court level and cannot do so now. *See Rozhon*, 2006-Ohio-3118, at ¶ 18 ("Issues that were not raised to the

trial court may not be considered for the first time on appeal."). Therefore, we decline to address these alternative lines of argument.

**{¶29}** Because Mr. Chambers failed to lay any foundation for the testimony he sought to introduce, we cannot conclude that the trial court erred or abused its discretion in sustaining the prosecutor's objections and limiting the scope of defense counsel's cross-examination of Officer Festa.

**{¶30}** Accordingly, Mr. Chambers' third assignment of error is overruled.

III.

**{¶31}** Mr. Chambers' first, second, and third assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

---

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
CONCURS.

CALLAHAN, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

SEAN C. BUCHANAN, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and ANDREA D. UHLER, Assistant Prosecuting Attorney, for Appellee.