[Cite as *State v. Campbell*, 2021-Ohio-2050.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

ALJIHAD CAMPBELL

    Appellant

C.A. No.     19CA011545

APPEAL FROM JUDGMENT
ENTERED IN THE
LORAIN MUNICIPAL COURT
COUNTY OF LORAIN, OHIO
CASE No.    2019CRB00124

DECISION AND JOURNAL ENTRY

Dated: June 21, 2021

SUTTON, Judge.

{¶1} Defendant-Appellant, Aljihad Campbell, appeals from his conviction in the Lorain Municipal Court. This Court affirms.

I.

{¶2} Shortly after 8:00 p.m. one evening, the police received a call from N.J., a female who reported that her boyfriend, Mr. Campbell, had just assaulted her. The officer who arrived on scene found N.J. outside and photographed injuries to her hand and knee. N.J. was visibly upset and told the officer that Mr. Campbell had shoved her to the ground before picking her up, pinning her against a nearby vehicle, and choking her. The officer learned that Mr. Campbell had stopped choking N.J. when a neighbor yelled at him to stop. Mr. Campbell then left the scene, and N.J. contacted the police. After the officer spoke with N.J., he spoke with the neighbor. The neighbor confirmed that she yelled at Mr. Campbell when she saw him holding N.J. against a car and choking her.

**{¶3}** Mr. Campbell was charged with one count of domestic violence. At the bench trial that was held on his charge, N.J. recanted and denied that Mr. Campbell had injured her. Additionally, the neighbor who witnessed the incident failed to appear in response to the State's subpoena. Over Mr. Campbell's objection, the trial court allowed the State to introduce the out-of-court statements that N.J. and the neighbor had made through the testimony of the responding officer. The court found Mr. Campbell guilty of domestic violence[1] and sentenced him to a jail term and a fine.

**{¶4}** Mr. Campbell now appeals from his conviction and raises two assignments of error for our review.

II.

<u>**ASSIGNMENT OF ERROR I**</u>

THE TRIAL COURT ERRED BY ALLOWING THE STATE TO IMPEACH ITS OWN WITNESS WITHOUT A SHOWING OF SURPRISE AND AFFIRMATIVE DAMAGE.

**{¶5}** In his first assignment of error, Mr. Campbell argues that the trial court abused its discretion when it allowed the State to introduce N.J.'s out-of-court statements through the testimony of the officer who responded to the scene. Specifically, he argues that the court should have excluded N.J.'s statements because (1) the State failed to demonstrate surprise and affirmative damage for the purpose of impeaching N.J., and (2) the State failed to prove that her statements were excited utterances. For the following reasons, we reject his argument.

---

[1] We would note that Mr. Campbell was charged with a violation of Lorain City Ordinance 537.14(A) but convicted under identical subdivision (A) of R.C. 2919.25(A). Mr. Campbell was never charged with violating R.C. 2919.25(A), and the record does not reflect any amendment to his complaint. Because neither party raised this issue on appeal, this Court declines to address it sua sponte.

{¶6} The decision to admit or exclude evidence lies in the sound discretion of the trial court. *State v. Sage*, 31 Ohio St.3d 173, 180 (1987). Accordingly, "[w]e review a trial court's decision regarding the admission or exclusion of evidence for an abuse of discretion." *State v. Powell*, 9th Dist. Lorain No. 12CA010284, 2017-Ohio-4030, ¶ 16. An abuse of discretion indicates that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶7} "Evid.R. 607(A) authorizes a party to impeach its own witness 'by means of a prior inconsistent statement only upon a showing of surprise and affirmative damage.'" *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, ¶ 119. Yet, the rule expressly provides that it "does not apply to statements admitted pursuant to Evid.R. 801(D)(1)(a), 801(D)(2), or 803." Evid.R. 607(A). "If a witness's prior inconsistent statement is admissible pursuant to one of the hearsay exceptions in Evid.R. 803, the calling party does not have to establish surprise and affirmative damage under Evid.R. 607 before using that inconsistent statement * * *." *State v. Rutkowski*, 9th Dist. Lorain No. 94CA005831, 1995 WL 324085, *4 (May 31, 1995). *Accord State v. Hoehn*, 9th Dist. Medina No. 03CA0076-M, 2004-Ohio-1419, ¶ 28-33.

{¶8} An excited utterance is a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Evid.R. 803(2).

> "To be admissible * * * as an excited utterance, a statement must concern some occurrence startling enough to produce a nervous excitement in the declarant, which occurrence the declarant had an opportunity to observe, and must be made before there had been time for such nervous excitement to lose a domination over his reflective faculties."

*State v. Horton*, 9th Dist. Wayne No. 16AP0024, 2017-Ohio-9078, ¶ 20, quoting *State v. Flowers*, 9th Dist. Summit No. 25841, 2012-Ohio-3783, ¶ 19. "There is no per se amount of time after which a statement can no longer be considered to be an excited utterance." *State v. Taylor*, 66 Ohio St.3d 295, 303 (1993). "[E]ach case must be decided on its own circumstances * * *." *State v. Duncan*, 53 Ohio St.2d 215, 219 (1978).

{¶9} At trial, N.J. testified that Mr. Campbell was her boyfriend. She testified that she would stay with Mr. Campbell a few days each week but lived elsewhere. Regarding the evening in question, N.J. testified that she called the police on Mr. Campbell because he was being verbally abusive toward her. She denied that he ever put his hands on her. It was her testimony that she sustained injuries to her knee and hand when she walked outside and slipped on some black ice in the parking lot. She claimed that she did not recall what she told the police because she "blacked out." She also claimed that she was crying when the police arrived because she was mad and cries when she is mad.

{¶10} Officer Brent Payne testified that, just after 8:00 p.m., he was dispatched to a residential address based on a report of domestic violence or assault. He arrived on scene within minutes of the dispatch and found N.J. outside. He noted that, when he arrived, N.J. was upset, crying, and looked "very scared." N.J. informed the officer that she lived with her boyfriend, Mr. Campbell. N.J. stated that she and Mr. Campbell began arguing when she told him that she wanted to break up. Mr. Campbell then threw some of her belongings outside. When N.J. went outside to pick up her belongings, Mr. Campbell pushed her to the ground. N.J. told the officer that she sustained injuries to her knee and hand when she fell to the ground. She stated that Mr. Campbell lifted her off the ground, pinned her against a nearby vehicle, placed his hands around her throat, and began choking her. The choking continued until a neighbor shouted at him to stop. Mr.

Campbell then released N.J., got into a car, and left the scene. Officer Payne confirmed that Mr. Campbell was not on scene when he arrived. He also confirmed that, once he finished speaking with N.J., she began looking around for the remainder of her eyeglasses, which had broken during the incident with Mr. Campbell.

{¶11} At trial, the State also introduced pictures of N.J.'s knee and hand. Both pictures were taken on the evening of the incident. The pictures depicted bloody wounds on N.J.'s knee and hand.

{¶12} Mr. Campbell argues that the trial court abused its discretion when it admitted N.J.'s out-of-court statements through Officer Payne. His first argument is that the statements were inadmissible because the State failed to demonstrate surprise and affirmative damage. *See* Evid.R. 607(A). Yet, the State was not required to prove surprise and affirmative damage if the statements were admissible under Evid.R. 803. *See Rutkowski*, 1995 WL 324085, at *4; Evid.R. 607(A). The trial court specifically admitted N.J.'s out-of-court statements as excited utterances. Thus, the only question is whether the court abused its discretion when it admitted the statements under Evid.R. 803(2).

{¶13} Mr. Campbell argues that N.J.'s statements were not excited utterances because the State failed to establish that she was under the stress of excitement caused by the alleged incident with Mr. Campbell when she spoke with Officer Payne. Mr. Campbell notes that N.J. testified she was crying because she was angry, not afraid, and that her injuries were from falling on black ice. He also notes that Officer Payne only saw N.J. looking for one piece of her property outside after he arrived (i.e., her eyeglasses), meaning that she must have had sufficient time to clean up the rest and consider what she might tell the police. Mr. Campbell argues that N.J.'s statements were

unreliable, as she was angry with him, had just hurt herself falling, and had sufficient time to decide to blame him for her injuries.

{¶14} Upon review, we cannot conclude that the trial court abused its discretion when it admitted N.J.'s out-of-court statements as excited utterances. *See Sage*, 31 Ohio St.3d at 180. "There is no per se amount of time after which a statement can no longer be considered to be an excited utterance." *Taylor*, 66 Ohio St.3d at 303. The trial court heard evidence from which it reasonably could have concluded that N.J. was still under the stress of the event that had transpired when she spoke with Officer Payne. *See State v. Yates*, 9th Dist. Wayne No. 19AP0061, 2020-Ohio-6991, ¶ 30. There was testimony that N.J. called the police to report a domestic violence or assault, that Officer Payne arrived on scene within minutes of being dispatched, that N.J. was crying and appeared "very scared" when he arrived, and that she was bleeding from her hand and knee. Under the foregoing circumstances, the trial court's decision to admit N.J.'s statements under Evid.R. 803(2) was not unreasonable, arbitrary, or unconscionable. *See Blakemore*, 5 Ohio St.3d at 219. Accordingly, Mr. Campbell's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY ADMITTING HEARSAY EVIDENCE IN VIOLATION OF THE RULES OF EVIDENCE BECAUSE THE TESTIMONY DID NOT MEET THE CRITERIA FOR UNAVAILABLE WITNESSES.

{¶15} In his second assignment of error, Mr. Campbell argues that the trial court abused its discretion when it allowed the State to introduce the out-of-court statements of a neighbor through the testimony of Officer Payne. For the following reasons, this Court rejects his argument.

{¶16} This Court generally reviews a trial court's decision to admit or exclude evidence for an abuse of discretion. *See Sage*, 31 Ohio St.3d at 180. It is axiomatic, however, that this Court will disregard any error that does not affect a defendant's substantial rights. *See* Crim.R.

52(A). "Where constitutional error in the admission of evidence is extant, such error is harmless beyond a reasonable doubt if the remaining evidence, standing alone, constitutes overwhelming proof of [the] defendant's guilt." *State v. Williams*, 6 Ohio St.3d 281 (1983), paragraph six of the syllabus.

{¶17} Officer Payne testified that, when he finished interviewing N.J., he interviewed the neighbor who had yelled at Mr. Campbell. The neighbor told Officer Payne that she heard a commotion from her bedroom window, looked outside, and saw Mr. Campbell holding N.J. against a car with his hands around her throat. The neighbor told the officer that she yelled at Mr. Campbell, at which point he let go of N.J., got into a car, and left the scene. Although the State subpoenaed the neighbor to testify, she did not appear at trial. Accordingly, the trial court admitted her out-of-court statements through Officer Payne.

{¶18} Mr. Campbell argues that the trial court abused its discretion when it admitted the neighbor's out-of-court statements through Officer Payne. According to Mr. Campbell, the State failed to prove that the statements satisfied any of the hearsay exceptions that apply when a witness is unavailable to testify. *See* Evid.R. 804. Further, he argues that the admission of her statements violated his Sixth Amendment right to confront the witnesses against him, as her statements were testimonial and there was no opportunity for prior cross-examination.

{¶19} Assuming without deciding that the trial court erred when it admitted the neighbor's out-of-court statements, the record reflects that the court's error was harmless beyond a reasonable doubt. *See Williams*, 6 Ohio St.3d 281 at paragraph six of the syllabus. *See also State v. McNair*, 9th Dist. Lorain No. 13CA010485, 2015-Ohio-2980, ¶ 33 (Confrontation Clause challenges are subject to harmless-error analysis). The neighbor's statements merely corroborated portions of N.J.'s statements to Officer Payne. We have already determined that the trial court acted within

its discretion in admitting N.J.'s out-of-court statements. N.J.'s out-of-court statements, in conjunction with Officer Payne's observations of her demeanor and the injuries she sustained, established Mr. Campbell's guilt beyond a reasonable doubt. As such, any error in the admission of the neighbor's out-of-court statements was harmless. *See Williams* at paragraph six of the syllabus; *State v. Person*, 9th Dist. Summit No. 27600, 2016-Ohio-681, ¶ 25. Mr. Campbell's second assignment of error is overruled.

## III.

{¶20} Mr. Campbell's assignments of error are overruled. The judgment of the Lorain Municipal Court is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Lorain Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

STEPHEN P. HANUDEL, Attorney at Law, for Appellant.

J. D. TOMLINSON, Prosecuting Attorney, and MALLORY J. SANTIAGO, Assistant Prosecuting Attorney, for Appellee.