[Cite as *State v. Powell*, 2015-Ohio-145.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    14CA010565 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RAYSHAUN POWELL | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No.    10CR081774 |

DECISION AND JOURNAL ENTRY

Dated: January 20, 2015

MOORE, Judge.

{¶1}    Appellant, Rayshaun Powell, appeals from the judgment of the Lorain County Court of Common Pleas. This Court affirms the trial court's judgment.

I.

{¶2}    Mr. Powell was convicted following a bench trial of one count of rape. This Court affirmed his conviction on appeal. *State v. Powell*, 9th Dist. Lorain No. 12CA010284, 2014-Ohio-63. Mr. Powell then pursued two different remedies.

{¶3}    In March 2014, Mr. Powell moved pro se to reopen his appeal. In May 2014, this Court granted the application pursuant to App.R. 26(B), appointed new counsel, and ordered that the case proceed as a new appeal. *State v. Powell*, 9th Dist. Lorain No. 12CA010284 (May 21, 2014). That appeal remains pending.

{¶4}    Also in March 2014, Mr. Powell filed a pro se petition for postconviction relief. Three days after it was filed, the trial court denied the petition in a one-sentence entry. Mr.

Powell appealed the trial court's denial of his petition in this appeal. He has asserted three assignments of error for this Court's review.

II.

### ASSIGNMENT OF ERROR I

THE CONVICTION IS AGAINST THE SUFFICIENCY OF THE EVIDENCE AND SHOULD BE REVERSED BECAUSE IT VIOLATES THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO.

### ASSIGNMENT OF ERROR II

MR. POWELL'S TRIAL COUNSEL WAS INEFFECTIVE WHEN HE DID NOT QUESTION NOR CALLED [SIC.] IN ANY OF THE [MR. POWELL]'S WITNESSES, VIOLATING THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

### ASSIGNMENT OF ERROR III

THE TRIAL JUDGE ABUSED IT'S [SIC.] DISCRETION WHEN HE DENIED MR. POWELL'S POSTCONVICTION PETITION WITHOUT INCLUDING THE FINDINGS OF FACT AND CONCLUSIONS OF LAW DEPRIVING [MR.] POWELL'S RIGHTS TO DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW.

{¶5} In his first two assignments of error, Mr. Powell has alleged errors related to the merits of his conviction. In his third assignment of error, he has asserted that the trial court erred by denying his petition for postconviction relief without including findings of fact and conclusions of law. Because Mr. Powell filed an untimely petition, the trial court lacked authority to consider it and properly denied it without findings of fact and conclusions of law.

{¶6} R.C. 2953.21(A)(1)(a) authorizes a criminal defendant who claims that his judgment is void or voidable to file a petition for postconviction relief seeking to set aside the judgment. A petition for postconviction relief must be filed no later than 180 days after the day the trial transcript is filed in the direct appeal from the judgment of conviction and sentence, or,

3

if no direct appeal is taken, 180 days after the expiration of the time to file an appeal. R.C. 2953.21(A)(2). Here, the trial transcript from Mr. Powell's direct appeal was filed in July 2013. He filed his petition in March 2014, more than 180 days after the trial transcript was filed.[1] Consequently, his petition was untimely, and could only be considered by the trial court if Mr. Powell could show the factors set forth in R.C. 2953.23(A)(1) or (2). *See, e.g., State v. Daniel*, 9th Dist. Summit No. 26670, 2013-Ohio-3510, ¶ 9. Mr. Powell conceded in his petition that it was untimely, but he did not argue that any of the statutory factors applied to permit the late filing.

{¶7} Because Mr. Powell filed an untimely petition for postconviction relief, the trial court lacked authority to consider it. Further, the trial court was not required to prepare findings of fact and conclusions of law because the petition was untimely. *See, e.g., State ex rel. Kimbrough v. Greene*, 98 Ohio St.3d 116, 2002-Ohio-7042, ¶ 6. Accordingly, the trial court did not abuse its discretion in denying Mr. Powell's untimely petition and Mr. Powell's assignments of error are overruled.

III.

{¶8} Mr. Powell's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

---

[1] We express no position on whether Mr. Powell may pursue a timely petition for postconviction relief following this Court's granting of his application to reopen his appeal. *Compare State v. Fuller*, 171 Ohio App.3d 260, 2007-Ohio-2018 (1st Dist.) (granting of application to reopen restarts filing deadline in postconviction statute) *with State v. Godfrey*, 5th Dist. Licking No. 99 CA 95, 2000 WL 329802 (Feb. 28, 2000) (granting application to reopen does not restart filing deadline in postconviction statute).

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

BELFANCE, P. J.
CARR, J.
CONCUR.


APPEARANCES:

RAYSHAUN POWELL, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.