[Cite as *State v. Wright*, 2022-Ohio-366.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

DEMARCO WRIGHT

    Appellant

C.A. No.    29903

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 13 10 2978(C)

DECISION AND JOURNAL ENTRY

Dated: February 9, 2022

SUTTON, Judge.

{¶1} Defendant-Appellant, Demarco Devonta Wright, appeals the judgment of the Summit County Court of Common Pleas denying his petition for postconviction relief. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2} In *State v. Wright*, 9th Dist. Summit No. 27434, 2015-Ohio-2381, ¶ 2, this Court summarized the facts leading to Mr. Wright's arrest and conviction as follows:

> In the early morning of October 25, 2013, [Mr. Wright], Teon Lipkins, and Derek Recktenwalt robbed the house located at 617 Brown Street in Akron, Ohio in pursuit of money and marijuana. At the time of the robbery, four of the residence's five tenants, all college students, were at home. The tenants at home during the robbery were [M.L.], [R.I.], [J.W.], and [T.M.]. Also present in the home was [M.L.'s] girlfriend, [D.L.]. One tenant, [J.L.], was not in the residence at the time of the robbery.
>
>                * * *

At around 1:00 a.m., Mr. Wright, Mr. Lipkins, and Mr. Recktenwalt broke open the front door of the residence and entered the home. [T.M.] testified that he awoke in the middle of the night with three unknown men standing in his bedroom demanding money and marijuana. [T.M.] testified that one of the men wore a red ski mask while another man, who he identified as [Mr.] Wright, held a gun to his head during the encounter. [T.M.] then testified that the men tied his wrists and feet together with a 20-foot guitar amplifier cord. He also testified that the men took his cell phone.

[M.L.] stated that he walked downstairs to investigate the loud noises. Upon walking down the stairs to the second floor, [M.L.] witnessed an unknown person enter one of his roommates' rooms. Another man, identified as [Mr.] Wright, then pointed a gun at [M.L.'s] head and ordered him to sit down on the stairs and not move. [M.L.] complied with Mr. Wright's command. [M.L.] testified that Mr. Wright then entered [R.I.'s] bedroom with his gun.

[R.I.] testified that he heard loud noises in the hallway before two of the three suspects kicked in his door and ordered him to stay on his bed face down and not move. [R.I.] identified [Mr.] Wright as one of the two men in his room that night. The other man wore a red ski mask, according to [R.I.]. [R.I.] testified that Mr. Wright held a gun to his head and demanded money and marijuana. The two suspects then took money, marijuana, and a cell phone from [R.I.].

[D.L.] testified that she heard [M.L.] say, "Please don't shoot" after he walked downstairs to investigate the loud noises. [D.L.] immediately called 911 to report the robbery and hid behind a couch in the attic bedroom. [D.L.] testified that one of the intruders, later identified as [Mr.] Lipkins, then walked upstairs into the bedroom where she was hiding. [D.L.] stated that the suspect looked at her and began rummaging through the room's belongings. Upon hearing police sirens, the suspect attempted to kick out one of the room's windows, then kicked out another window and crawled outside onto the roof of the house.

The police eventually arrived at the scene and arrested Mr. Wright, Mr. Lipkins, and Mr. Recktenwalt. The police returned the cell phones that the suspects had stolen from [T.M.] and [R.I.]. The police also returned a check that the suspects had stolen from [J.L.'s] nightstand after they broke into and ransacked his bedroom.

*Wright* at ¶ 4-8.

{¶3} Following his arrest, the grand jury indicted Mr. Wright on three counts of aggravated robbery, in violation of R.C. 2911.01(A)(1), four counts of kidnapping, in violation of R.C. 2905.01(A)(2), one count of aggravated burglary, in violation of R.C. 2911.11(A)(2), and

one count of tampering with evidence, in violation of R.C. 2921.12(A)(1). Additionally, pursuant to R.C. 2941.145, the aggravated robbery, kidnapping, and aggravated burglary charges also carried firearm specifications. *See Wright* at ¶ 9.

{¶4} Following a jury trial which commenced on April 30, 2014:

> [t]he jury ultimately found Mr. Wright guilty on all counts and specifications. The trial judge sentenced Mr. Wright to 43 years of incarceration. The trial judge sentenced Mr. Wright to ten years for the aggravated robbery of [T.M.], plus three years for the underlying gun specification, seven years for the aggravated robbery of [R.I.], plus three years for the underlying gun specification, and three years for the aggravated robbery of [M.L.], plus three years for the underlying gun specification. The trial judge ordered those sentences be served consecutively. The trial judge then sentenced Mr. Wright to three years for the kidnapping of [D.L.], plus three years for the underlying gun specification, to run concurrently. She then merged the remaining kidnapping counts. The trial judge then sentenced Mr. Wright to eleven years for the aggravated burglary, plus three years for the underlying gun specification, to be served consecutively, and sentenced Mr. Wright to three years for tampering with evidence, to run concurrently.

*Wright* at ¶ 10.

{¶5} Mr. Wright filed a direct appeal of his sentence and convictions. In so doing, Mr. Wright raised two assignments of error for this Court's review: (1) the trial court erred in denying Mr. Wright's Crim.R. 29 motion for acquittal/Mr. Wright's convictions were against the manifest weight of the evidence; and (2) the trial court erred in sentencing Mr. Wright to four consecutive firearm specifications. Finding no error, this Court affirmed. *Wright* at ¶ 28.

{¶6} Mr. Wright moved this Court to reopen his direct appeal. However, because Mr. Wright's motion was untimely and he did not make a showing of good cause, this Court denied the motion.

**Mr. Wright's Motion to Correct Void Sentences and/or Judgments**

{¶7} On November 8, 2019, Mr. Wright, pro se, filed a motion to correct void sentences and/or judgments. Mr. Wright argued he "fully comprehends the distinction" between

matters that: (1) can only be raised on direct appeal; (2) are only appropriate in a postconviction petition pursuant to R.C. 2953.21; and (3) can be raised at any time. Further, Mr. Wright indicated the "contentions" set forth in his motion could be argued anytime, and therefore are not barred by the doctrine of res judicata. Mr. Wright raised seven grounds for relief alleging: (1) his right to a fair trial and due process had been violated; (2) constitutional issues regarding his sentence and convictions; (3) and the indictment was fatally defective.[1]

{¶8} The State opposed Mr. Wright's motion arguing, pursuant to R.C. 2953.21, it is actually an untimely petition for postconviction relief and Mr. Wright's grounds for relief are barred by the doctrine of res judicata. Specifically, the State indicated that Mr. Wright's grounds for relief rely on evidence in the record at the time of Mr. Wright's direct appeal. As such, the State sought dismissal of Mr. Wright's motion.

{¶9} Mr. Wright also filed a supplement to his motion to correct void sentences and/or judgment. The supplement included ground for relief number seven, which Mr. Wright claims was incorrectly excluded from the prior motion. Mr. Wright's allegations, in ground for relief number seven, relate to a supplemental indictment filed in the case. For the same reasons stated in its prior opposition, the State moved to dismiss this supplemental filing.

{¶10} Pursuant to R.C. 2953.21, the trial court reclassified Mr. Wright's motion as an untimely petition for postconviction relief. In so doing, the trial court explained:

> [Mr. Wright's] [petition] pertain[s] to irregularities in the indictment, the verdict forms, and the sentence that was imposed in this case on May 21, 2014. [Mr. Wright] claims sentencing violations and seeks post-conviction relief in his [petition].
>
> * * *

---

[1] We note, in his motion to correct void sentences and/or judgments, Mr. Wright misnumbered his grounds for relief as one, two, three, four, five, six, and eight.

[Mr. Wright's] petition was filed well over 365 days (actually, over five years) after the transcript of the proceedings was filed in the Court of Appeals during his direct appeal, and therefore is not timely filed.

However, the trial court further indicated that even if Mr. Wright's petition were timely, it still would not have been successful. The trial court stated:

[Mr. Wright's] arguments pertaining to the irregularities in the proceedings and the alleged error(s) committed by the trial court judge are arguments that could have been raised on [direct] appeal. * * *

[Mr. Wright] was present throughout his trial and at his sentencing, and his case was appealed to the Ninth District Court of Appeals. [Mr. Wright's] current arguments are barred by *res judicata*. In order to avoid dismissal of a post-conviction relief [petition] on *res judicata* grounds, the evidence supporting the petition's claims must be competent, relevant, and material evidence outside of the trial court's record, and it must not be evidence that existed or was available for use at the time of trial. * * *

[Mr. Wright's] claims all relate to issues that occurred during his trial and/or sentencing, and are demonstrated in the [c]ourt's record. [Mr. Wright's] petition fails to set out "sufficient operative facts" to establish substantive grounds for relief. All of his claims are barred by *res judicata*.

{¶11} Mr. Wright now appeals raising eight assignments of error for our review.[2] Because our analysis of Mr. Wright's assignments of error is identical, we consolidate our discussion below.

## II.

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED WHEN IT SENTENCED [MR. WRIGHT] ON THE KIDNAPPING OFFENSE, IN VIOLATION OF THE DOUBLE JEOPARDY AND DUE PROCESS CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS, BECAUSE IT IS AN ALLIED OFFENSE OF SIMILAR IMPORT UNDER [R.C. 2941.25].**

---

[2] Mr. Wright's assignments of error closely correspond with his claims for relief as stated in his postconviction petition.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT SENTENCED [MR. WRIGHT] ON THE AGGRAVATED BURGLARY AND AGGRAVATED ROBBERY OFFENSES, IN VIOLATION OF THE DOUBLE JEOPARDY AND DUE PROCESS CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS, BECAUSE THEY ARE ALLIED OFFENSE OF SIMILAR IMPORT UNDER [R.C. 2941.25].

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED WHEN IT SENTENCED [MR. WRIGHT] ON KIDNAPPING IN VIOLATION OF [R.C. 2905.01(C)], A FELONY OF THE SECOND DEGREE, WHICH IS MANDATED WHEN "THE OFFENDER RELEASES THE VICTIM IN A SAFE PLACE UNHARMED."

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT VIOLATED R.C. 2945.75 AND DENIED [MR. WRIGHT'S] RIGHTS TO DUE PROCESS AND TRIAL BY JURY UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES, AS WELL AS ARTICLE I, SECTIONS 5, 10, AND 16 OF THE OHIO CONSTITUTION, WHEN IT CONVICTED HIM OF, AND SENTENCED HIM ON, THREE FIRST DEGREE FELONY COUNTS OF AGGRAVATED ROBBERY IN THE ABSENCE OF A JURY VERDICT SETTING FORTH THE DEGREE OF THE OFFENSE OR A STATEMENT THAT THE REQUIRED AGGRAVATING ELEMENT(S) HAD BEEN FOUND BY THE JURY.

## ASSIGNMENT OF ERROR V

[SAME AS ERROR 4 BUT FOR AGGRAVATED BURGLARY OFFENSE.]

## ASSIGNMENT OF ERROR VI

THE INDICTMENT IS FATALLY DEFECTIVE BECAUSE IT ALLEGES MULTIPLE, IDENTICAL, AND UNDIFFERENTIATED CHARGES (COUNTS 1, 2, AND 3), IN VIOLATION OF THE DOUBLE JEOPARDY AND DUE PROCESS CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS.

## ASSIGNMENT OF ERROR VII

**THE INDICTMENT IS FATALLY DEFECTIVE IN REGARD[] TO THE FIREARM SPECIFICATIONS, AS THE STATUTORY REQUIREMENTS OF R.C. 2941.145 HAVE NOT BEEN SATISFIED.**

## ASSIGNMENT OF ERROR VIII

**THE JUDGMENT OF CONVICTION AND SENTENCE IN THE INSTANT CASE (LABELED "JOURNAL ENTRY") DOES NOT COMPLY WITH [CRIM.R. 32(C)], IN VIOLATION OF [MR. WRIGHT'S] DUE PROCESS RIGHTS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS.**

{¶12} As a preliminary matter, this Court must consider the nature of Mr. Wright's motion at issue in this appeal. R.C. 2953.21(A)(1)(a)(i) provides:

> A person in any of the following categories may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief:

> Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States[.]

Further, "'[a] vaguely titled motion, including a motion to correct or vacate a judgment or sentence,' may be treated as a petition for postconviction relief under R.C. 2953.21(A)(1) when the motion was filed after a direct appeal, alleged a denial of constitutional rights, sought to render the judgment void or voidable, and requested that the judgment and sentence be vacated." *State v. Payne*, 9th Dist. Summit No. 29714, 2020-Ohio-4804, ¶ 6, quoting *State v. Davis*, 9th Dist. Medina No. 15CA0004-M, 2015-Ohio-5182, ¶ 6, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997). "This Court has characterized similar motions as petitions for postconviction relief." *Payne* at ¶ 6, citing *State v. Walker*, 9th Dist. Summit No. 29151, 2019-Ohio-605, ¶ 7. Based upon the record, Mr. Wright's motion is appropriately considered to be a petition for postconviction relief.

{¶13} R.C. 2953.21(A)(2) provides, in relevant part, that a petition for postconviction relief "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication[.]" Further, in accordance with R.C. 2953.23(A)(1), a court may not entertain an untimely petition for postconviction relief unless both of the following apply:

> (a) [e]ither the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

> (b) [t]he petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted[.]

Indeed, as this Court has previously stated, "a petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition." *State v. Little*, 9th Dist. Lorain No. 20CA011662, 2021-Ohio-1446, ¶ 9, quoting *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 36.

{¶14} Further, a petition for postconviction relief may be properly dismissed without a hearing on the basis of *res judicata*. *See State v. Palmer*, 9th Dist. Summit No. 28723, 2018-Ohio-1486, ¶ 18 citing *State v. Griffin*, 9th Dist. Lorain No. 14CA010680, 2016-Ohio-2988, ¶ 14. Pursuant to the doctrine of *res judicata*:

> a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. "To avoid the preclusive effect of *res judicata*, [postconviction] relief claims must be 'based on evidence outside of the original record that existed during direct appellate proceedings.'" *Palmer* at ¶ 18, quoting *State v. Bulls*, 9th Dist. Summit No. 27713, 2015-Ohio-5094, ¶ 9.

{¶15} Here, the transcripts in Mr. Wright's direct appeal were filed with this Court on September 16, 2014. As such, Mr. Wright had until September 16, 2015 to timely file his petition for postconviction relief. Mr. Wright, however, filed his petition on November 8, 2019, which is well beyond three hundred sixty-five days after the date the transcripts were filed in his direct appeal. Moreover, pursuant to R.C. 2953.23(A)(1)(a), Mr. Wright did not argue he was unavoidably prevented from the discovery of facts which formed the basis of his claims for relief, or that the United States Supreme Court recognized a new federal or state right that applied retroactively to him. Therefore, the trial court lacked jurisdiction to decide Mr. Wright's application on its merits because it was untimely and none of the narrow exceptions applied.

{¶16} As indicated by the trial court, even if Mr. Wright's application had been timely, all of the alleged issues raised by Mr. Wright in his petition for postconviction relief, regarding his charges, trial, and sentence, are based upon evidence that existed at the time of his direct appeal. Specifically, the indictments, trial and sentencing transcripts, and judgment of conviction were all part of the original record in this matter. Indeed, Mr. Wright could have raised all of these alleged issues in his direct appeal. Thus, as explained above, these issues are now barred by the doctrine of *res judicata*.

{¶17} Lastly, in spite of Mr. Wright's arguments otherwise, "[a] sentence is only void 'when a sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused.'" *Payne* at ¶ 10, quoting *State v. Harper*, 160 Ohio St.3d 480,

2020-Ohio-2913, ¶ 42. As indicated by the record, Mr. Wright's arguments do not implicate the subject matter or personal jurisdiction of the trial court and his sentence is not void.

{¶18} Thus, for the reasons stated above, the trial court did not err in denying Mr. Wright's petition for postconviction relief as untimely and barred by the doctrine of *res judicata*.

{¶19} Accordingly, Mr. Wright's eight assignments of error are overruled.

III.

{¶20} Mr. Wright's assignments of error are overruled and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

CARR, P. J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

DEMARCO WRIGHT, Pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.