[Cite as *State v. Powell*, 2025-Ohio-2385.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 24CA012188 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RAYSHAUN N. POWELL | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 10CR081774 |

DECISION AND JOURNAL ENTRY

Dated: July 7, 2025

STEVENSON, Presiding Judge.

**{¶1}** Defendant-Appellant Rayshaun N. Powell appeals from the judgment entry of the Lorain County Court of Common Pleas denying his motion to vacate or set aside the judgment of conviction and sentence. For the reasons set forth below, we affirm.

I.

**{¶2}** This Court previously summarized the pertinent facts, procedural history, and disposition in this case as follows:

> In the summer of 2010, Y.M. and her family began staying with a friend of her mother's. The friend, Erica Perez, was married to Powell, who was incarcerated when Y.M.'s family began living with Perez. Several weeks after they began living with Perez, however, Powell was released from prison and came to stay at the apartment. According to Y.M., Powell sexually assaulted her one night when she and the other children at the apartment were left alone with him. According to Powell, the assault never occurred. Y.M. told her mother about the assault several weeks after she and her family had moved out of Perez' apartment.
>
> A grand jury indicted Powell on one count of rape, in violation of R.C. 2907.02(A)(2). Powell waived his right to a jury, and a bench trial was held. The trial court found Powell guilty and sentenced him to eight years in prison.

*State v. Powell*, [] 2014-Ohio-63, ¶ 2-3 [(9th Dist.)]. Mr. Powell appealed his rape conviction, raising sufficiency of the evidence and manifest weight of the evidence arguments, and this Court affirmed. *Id.* at ¶ 21.

Mr. Powell filed a petition to vacate or set aside judgment of conviction or sentence in the trial court, which was denied. He appealed and this Court affirmed, stating that the trial court lacked the authority to consider the untimely petition for post-conviction relief and correctly denied it. *State v. Powell*, [] 2015-Ohio-145, ¶ 7 [(9th Dist.)].

Mr. Powell also filed a pro se motion to reopen his appeal, which this Court granted. He argued that the trial court exhibited judicial bias toward him and erred in prohibiting the cross-examination of the alleged victim regarding prior false accusations of sexual activity. This Court confirmed its prior judgment by journal entry because Mr. Powell failed to raise an argument regarding ineffective assistance of appellate counsel in accordance with App.R. 26(B)(7).

Mr. Powell filed a motion for leave to file a motion for a new trial in the trial court, which was denied. On appeal, this Court vacated the trial court's denial of the motion because the trial court lacked jurisdiction to consider the motion on the merits while Mr. Powell's case was pending on appeal. *State v. Powell*, [] 2015-Ohio-1879, ¶ 7-8 [(9th Dist.)].

Mr. Powell filed another application to reopen his appeal, which this Court granted.

*State v. Powell*, 2017-Ohio-4030, ¶ 2-6 (9th Dist.).

{¶3} This Court addressed Mr. Powell's reopened appeal in *Powell*, 2017-Ohio-4030 (9th Dist.). Mr. Powell appealed his conviction arguing the trial court exhibited judicial bias toward him; the trial court erred in prohibiting cross-examination of the alleged victim regarding family members alleging barring her from their house; ineffective assistance of first appellate counsel; and ineffective assistance of second appointed counsel. We overruled Mr. Powell's assignments of error and "[p]ursuant to App.R. 26(B)(9), we confirm[ed] our prior January 13, 2014 judgment affirming Mr. Powell's conviction." *Id*. at ¶ 32 .

{¶4} Mr. Powell has moved to vacate or set aside judgment of conviction and sentence after his conviction was affirmed in *Powell*, 2017-Ohio-4030 (9th Dist.). Mr. Powell argued in this

motion, filed in October 2024, that he was denied due process and received ineffective assistance of counsel at his May 2012 bench trial. His arguments were based on the allegations that trial counsel rented office space from a company in which the trial judge had an ownership interest and that trial counsel denied his request to call Erica Perez as a defense witness.

{¶5} The trial court denied Mr. Powell's motion to vacate or set aside judgment of conviction and sentence without holding an evidentiary hearing. Mr. Powell appeals the trial court's ruling, asserting one assignment of error for this Court's review.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED WHEN IT FAILED TO HOLD A HEARING ON [MR. POWELL'S] POST-CONVICTION PETITION.**

{¶6} Mr. Powell argues that the trial court erred when it failed to hold a hearing on his October 2024 post-conviction petition. We disagree.

{¶7} As a preliminary matter, the motion Mr. Powell filed with the trial court and at issue in this appeal was captioned "motion to vacate or set aside the judgment of conviction and sentence." R.C. 2953.21(A)(1)(a)(i) states:

> A person in any of the following categories may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief:
>
> Any person who has been convicted of a criminal offense . . . and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States[.]

{¶8} This Court has addressed R.C. 2953.21(A)(1) and similarly-captioned motions and has stated:

> [a] vaguely titled motion, including a motion to correct or vacate a judgment or sentence, may be treated as a petition for postconviction relief under R.C. 2953.21(A)(1) when the motion was filed after a direct appeal, alleged a denial of constitutional rights, sought to render the judgment void or voidable, and requested

that the judgment and sentence be vacated. This Court has characterized similar motions as petitions for postconviction relief.

(Quotations and citations omitted.) *State v. Wright*, 2022-Ohio-366, ¶ 12 (9th Dist.). Based on the record, Mr. Powell's motion is appropriately considered to be a petition for postconviction relief.

{¶9} R.C. 2953.21(A)(2)(a) states that a petition for postconviction relief "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication . . . ." We recognized in *State v. Harris*, 2025-Ohio-503, ¶ 2 (9th Dist.), citing R.C. 2953.23(A)(1)(a), that a trial court may only entertain an untimely petition for postconviction relief when:

Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

A petitioner, other than one who challenges a sentence of death, must also demonstrate by clear and convincing evidence "that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted . . . ." R.C. 2953.23(A)(1)(b). "When the requirements of Section 2953.23(A)(1) have not been met, a trial court cannot consider an untimely or successive petition." *Harris* at ¶ 2, citing *State v. Apanovitch*, 2018-Ohio-4744, ¶ 36.

{¶10} No argument was made in Mr. Powell's motion to vacate or set aside the judgment of conviction and sentence that he was unavoidably prevented from discovery of the facts or that, but for constitutional error at trial, no reasonable factfinder would have found him guilty of the offense of which he was convicted. Because Mr. Powell did not raise these arguments to the trial court, the requirements of R.C. 2953.23(A)(1) were not met and the trial court lacked authority to

hold an evidentiary hearing and consider the untimely petition for postconviction relief. Mr. Powell's assignment of error is, accordingly, overruled.

III.

**{¶11}** Based on the foregoing, Mr. Powell's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

RAYSHAUN N. POWELL, pro se, Appellant.

ANTHONY CILLO, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.