[Cite as *State v. Ibn-Ford*, 2026-Ohio-643.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No. 31561 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| KHALID IBN-FORD | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR-2011-06-1597 |

DECISION AND JOURNAL ENTRY

Dated: February 25, 2026

CARR, Judge.

{¶1} Appellant, Khalid Haqq Ibn-Ford, appeals, pro se, the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} In 2012, Ibn-Ford was convicted of rape with a repeat violent offender specification, as well as several additional offenses, and sentenced to 21 years in prison. Ibn-Ford filed a direct appeal and this Court affirmed the trial court's judgment, aside from the imposition of court costs. *State v. Ibn-Ford*, 2013-Ohio-2172, ¶ 75-78, 82 (9th Dist.). Ibn-Ford subsequently filed a motion in the trial court to vacate his sentence on the repeat violent offender specification on the basis that it was void. The trial court denied the motion and this Court affirmed the trial court's judgment. *State v. Ibn-Ford*, 2015-Ohio-753, ¶ 12 (9th Dist.). In 2020, Ibn-Ford was again unsuccessful in moving the trial court to declare his sentence void.

{¶3}   On May 20, 2025, Ibn-Ford filed a "motion to vacate a void conviction."  Therein, Ibn-Ford argued that his convictions should be vacated on the basis that his constitutional rights were violated at various points during the trial court proceedings.  The trial court promptly issued a journal entry denying the requested relief on the basis that it did not have authority to consider the motion.

{¶4}   On appeal, Ibn-Ford raises two assignments of error.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ALLOWING HYBRID REPRESENTATON IN THE DEFENDANT[']S WITHDRAW PLEA HEARING[,] VIOLATING THE DEFENDANT[']S DUE PROCESS RIGHTS AFFORDED TO HIM UNDER OHIO CONSTITUTION ARTICLE I, [SECTION] 16 AND THE 5TH, 6TH, AND 14TH AMENDMENTS [TO] THE U.S. CONSTITUTION.

### ASSIGNMENT OF ERROR II

THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN PLEA NEGOTATIONS[,] VIOLATING THE 6TH AND 14TH AMENDMENTS [TO] THE UNITED STATES CONSTITUTION.

{¶5}   Ibn-Ford raises two assignments of error wherein he argues that the trial court erred in denying his motion to vacate his convictions.

{¶6}   A review of the record reveals that, in support of his "motion to vacate a void conviction[,]" Ibn-Ford argued that his convictions should be vacated on the basis that his constitutional rights were violated in a number of ways during the trial court proceedings.  With respect to similarly captioned motions, this Court has stated:

[a] vaguely titled motion, including a motion to correct or vacate a judgment or sentence, may be treated as a petition for postconviction relief under R.C. 2953.21(A)(1) when the motion was filed after a direct appeal, alleged a denial of constitutional rights, sought to render the judgment void or voidable, and requested

that the judgment and sentence be vacated. This Court has characterized similar motions as petitions for postconviction relief.

(Quotations and citations omitted.) *State v. Powell*, 2025-Ohio-2385, ¶ 8 (9th Dist.), quoting *State v. Wright*, 2022-Ohio-366, ¶ 12 (9th Dist.).  Based on the contents of Ibn-Ford's May 20, 2025 motion, it is appropriate to construe the motion as a petition for post-conviction relief.

{¶7}    R.C. 2953.21(A)(2)(a) provides that a petition for post-conviction relief "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction[.]"  Here, Ibn-Ford's petition was untimely as it was filed nearly twelve years after the transcript was filed in his direct appeal.

{¶8}    R.C. 2953.23(A) provides for a limited set of circumstances under which a prisoner may file a petition for post-conviction relief that is either untimely or successive.  *See State v. Apanovitch*, 2018-Ohio-4744, ¶ 22.  Specifically, a trial court does not have authority to entertain an untimely or successive petition for post-conviction relief unless both of the following apply:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in [R.C. 2953.21(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

R.C. 2953.23(A)(1).

{¶9}    Here, Ibn-Ford did not allege that he was unavoidably prevented from discovering the facts upon which his petition was based, nor did he argue that the United States Supreme Court

recognized a new right that is applicable to his case. R.C. 2953.23(A)(1)(a). In fact, a review of Ibn-Ford's petition reveals that he made no attempt to satisfy the requirements of R.C. 2953.23(A)(1). Accordingly, the trial court did not err in concluding that it was without authority to consider the petition and denying Ibn-Ford the requested relief.

{¶10} Ibn-Ford's first and second assignments of error are overruled.

### III.

{¶11} Ibn-Ford's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

STEVENSON, P. J.
SUTTON, J.
CONCUR.


APPEARANCES:

KHALID IBN-FORD, pro se, Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.