[Cite as *State v. Robinson*, 2026-Ohio-1642.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

JACKIE ROBINSON

    Appellant

C.A. No.    31601

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-1976-02-0204

DECISION AND JOURNAL ENTRY

Dated: May 6, 2026

---

CARR, Presiding Judge.

{¶1}    Appellant, Jackie Robinson, appeals the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}    In 1976, Robinson pleaded guilty to burglary and was sentenced to an indefinite term of 2 to 15 years imprisonment in Case No. CR-1976-02-0204.  While on parole in 1979, Robinson committed a series of additional offenses, including aggravated robbery, and was sentenced to an indefinite term of 9 to 40 years in Case No. CR-1979-03-0319(A).  The sentences in the two separate cases were ordered to be served consecutively to each other.  In the years that followed, Robinson was released on parole on multiple occasions, but he has repeatedly been

readmitted to prison due to violations. Robinson was most recently readmitted to prison in 2008, where he has since remained incarcerated.[1]

{¶3} During his time in prison, Robinson has filed a bevy of motions challenging his convictions. The trial court has consistently denied these motions. Most recently, on May 2, 2025, Robinson filed a "motion to vacate a facially valid indictment" in Case No. CR-1976-02-0204. The trial court determined that it was without jurisdiction to consider the motion because it constituted an untimely petition for post-conviction relief.

{¶4} Robinson has appealed and raises three assignments of error for our review.

II.

### ASSIGNMENT OF ERROR I

[THE TRIAL COURT] ERRED TO THE PREJUDICE OF APPELLANT BY FAILING TO CORRECT AN UNAUTHORIZED SENTENCE PURSUANT TO [R.C.] 2929.19(B)(2)(G)(1)(III) AND ACTED CONTRARY TO LAW BY DENYING APPELLANT THE RIGHT TO BE HEARD ON A JAIL-TIME CREDIT ISSUE, A VIOLATION OF APPELLANT['S] EQUAL PROTECTION RIGHTS AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION.

### ASSIGNMENT OF ERROR II

[THE TRIAL COURT] ERRED TO THE PREJUDICE OF APPELLANT BY FAILING TO VACATE A FACIALLY INVALID INDICTMENT PUT BEFORE THE COURT AND CONFIRMING THAT APPELLANT WAS CHARGED WITH A CRIMINAL OFFENSE UNDER THE WRONG STATUTE.

### ASSIGNMENT OF ERROR III

[THE TRIAL COURT] COMMITTED [AN] ABUSE OF DISCRETION AND ERRED TO THE PREJUDICE OF APPELLANT WHEN IT SENTENCED

---

[1] The judgment entry from which Robinson appeals contains a footnote indicating that the Ohio Department of Rehabilitation and Correction was unable to provide the trial court with an exact calculation of the time Robinson served in this case between December 22, 1986, and October 21, 2008.

APPELLANT TO A 2-15 YEAR TERM FOR A VIOLATION OF R.C. 2911.11, WHICH RENDERS THE JUDGMENT AND SENTENCE VOID.

{¶5}    In his three assignments of error, Robinson contends that the trial court erred in denying his motion to vacate the indictment.  This Court disagrees.

{¶6}    In his May 2, 2025 motion, Robinson set forth multiple challenges to his conviction in Case No. CR-1976-02-0204 on constitutional grounds.  In regard to similarly captioned motions, this Court has stated:

> [a] vaguely titled motion, including a motion to correct or vacate a judgment or sentence, may be treated as a petition for postconviction relief under R.C. 2953.21(A)(1) when the motion was filed after a direct appeal, alleged a denial of constitutional rights, sought to render the judgment void or voidable, and requested that the judgment and sentence be vacated. This Court has characterized similar motions as petitions for postconviction relief.

(Quotations and citations omitted.) *State v. Powell*, 2025-Ohio-2385, ¶ 8 (9th Dist.), quoting *State v. Wright*, 2022-Ohio-366, ¶ 12 (9th Dist.).  A review of Robinson's May 2, 2025 motion reveals that the trial court properly construed the motion as a petition for post-conviction relief.

{¶7}    R.C. 2953.21(A)(2)(a) provides, in pertinent part, that "[i]f no appeal is taken[.] . . . the petition [for post-conviction relief] shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal."  Robinson did not file a direct appeal from his conviction in 1976.  Accordingly, Robinson's May 2, 2025 petition was untimely, given that it was filed decades after the window for filing a direct appeal had closed.

{¶8}    R.C. 2953.23(A) provides for a limited set of circumstances under which a prisoner may file a petition for post-conviction relief that is either untimely or successive.  *See State v. Apanovitch*, 2018-Ohio-4744, ¶ 22.  Specifically, a trial court does not have authority to entertain an untimely or successive petition for post-conviction relief unless both of the following apply:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for

relief, or, subsequent to the period prescribed in [R.C. 2953.21(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

R.C. 2953.23(A)(1).

{¶9} In this case, Robinson did not raise any issues in support of his petition that were not evident on the face of the record. A review of the petition reveals that Robinson did not allege that he was unavoidably prevented from discovering the facts upon which his petition was based, nor did he argue that the United States Supreme Court recognized a new right that is applicable to his case. R.C. 2953.23(A)(1)(a). It follows that, because Robinson did not satisfy the requirements of R.C. 2953.23(A)(1), the trial court properly determined that it was without authority to entertain the petition and denied the requested relief.

{¶10} Robinson's assignments of error are overruled.

III.

{¶11} Robinson's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

STEVENSON, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

JACKIE ROBINSON, pro se, Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.